Gary T. Dance, ISB No. 1513
C. Edward Cather, ISB No. 6297
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
412 West Center
Post Office Box 817
Pocatello, Idaho 83204
Telephone (208) 233-2001
Facsimile (208) 232-0150
gtd@moffatt.com
cec@moffatt.com
23719.0038

Attorneys for Federal Insurance Deposit Corporation
as Receiver for First Bank of Idaho, FSB

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PORTFOLIO FB-IDAHO, LLC, a Delaware limited liability company, and ANACONDA INVESTMENTS, LLC, a Delaware limited liability company,<br><br>    Plaintiffs/Counterdefendants,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST BANK OF IDAHO,<br><br>    Defendant/Counterclaimant. | Case No. 1-10-CV-00377-REB<br><br>**ANSWER AND COUNTERCLAIM** |

COMES NOW Defendant Federal Deposit Insurance Corporation as Receiver for First Bank of Idaho, FSB ("FDIC-R"), by and through its counsel of record, Moffatt, Thomas, Barrett, Rock & Fields, Chartered, and answers and responds to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against FDIC-R upon which relief may be granted pursuant to 12 USC 1821(d)(13)(C).

**ANSWER AND COUNTERCLAIM**    - 1    

## SECOND DEFENSE

FDIC-R denies each and every allegation of the Complaint that is not specifically and expressly admitted in this answer.

## THIRD DEFENSE

FDIC-R responds to the individual paragraphs of the Complaint as follows:

1.      Responding to Paragraph I of the Complaint, FDIC-R lacks information sufficient to either admit or deny the allegations set forth therein and the same are therefore denied.

2.      Responding to Paragraph II of the Complaint, FDIC-R lacks information sufficient to either admit or deny the allegations set forth therein and the same are therefore denied.

3.      Responding to Paragraph III of the Complaint, FDIC-R affirmatively alleges that Federal Deposit Insurance Corporation ("FDIC") is a corporation organized and existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 11 U.S.C. §1811, *et seq.*, with its principal place of business located in Washington, D.C.  On April 24, 2009, the FDIC was appointed as Receiver for First Bank of Idaho, FSB pursuant to 12 U.S.C. §1464(d)(2)(A) and §1821(c)(5).

4.      Responding to Paragraph IV of the Complaint, FDIC-R lacks information sufficient to either admit or deny the allegations set forth therein and the same are therefore denied.

5.      In response to Paragraph V of the Complaint, FDIC-R admits that the Stilwyn Loan is secured by the property located in Blaine County, Idaho, more particularly described in that certain Deed of Trust, dated May 17, 2007, and recorded in the records of

Blaine County as Instrument No. 547807. FDIC-R lacks information sufficient to either admit or deny the remaining allegations set forth in Paragraph V and the same are therefore denied.

6. Responding to Paragraph VI of the Complaint, FDIC-R admits that First Bank of Idaho, FSB ("FBI") and Farmers National Bank, NA ("Farmers") entered into a Participation Agreement wherein Farmers acquired a 42% participation interest in the Stilwyn Loan. FDIC-R lacks information sufficient to either admit or deny the remaining allegations set forth in Paragraph VI and the same are therefore denied

7. In response to Paragraph VII of the Complaint, FDIC-R admits that on April 24, 2009, the FDIC was appointed as Receiver for FBI pursuant to 12 U.S.C. §1464(d)(2)(A) and §1821(c)(5). FDIC-R further admits that it took control of the assets an affairs of the failed institution and auctioned certain assets of the failed institution, including FBI's participation interest in the Stilwyn loan.

8. In response to Paragraph VIII of the Complaint, FDIC-R admits that Idaho First Bank submitted the highest bid. However, the FDIC-R affirmatively alleges that Idaho First Bank's bid was not successful because Idaho First Bank violated the terms of the auction by entering a prearrangement for the purchase and sale of the participation interest with Plaintiff Anaconda Investments, Inc. On or about October 27, 2008, FDIC-R notified Idaho First Bank that FDIC-R would not close on the sale of the Stilwyn participation interest. FDIC-R denies the remaining allegations set forth in Paragraph VIII.

9. In response to Paragraph IX of the Complaint, FDIC-R denies the allegations therein.

10. In response to Paragraph X of the Complaint, FDIC-R denies the allegations therein.

11. In response to Paragraph XI of the Complaint, FDIC-R admits the allegations therein.

12. In response to Paragraph XII of the Complaint, FDIC-R denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are caused by the conduct of others, including Plaintiffs, over whom Defendant had no control or right of control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have committed fraud.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's actions are authorized by statute.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of bad faith in connection with the events alleged in Plaintiffs' complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred herein by reason of failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer after discovery has been completed to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

## COUNTERCLAIM

COME NOW the counterclaimants, Federal Deposit Insurance Corporation as Receiver for First Bank of Idaho, FSB ("FDIC-R") pursuant to F.R.C.P. 13, and applicable law, pleads and alleges as follows against Plaintiffs/Counterdefendants:

1. This Court has jurisdiction over this matter pursuant to the provisions of 12 U.S.C. § 1819(b) and 28 U.S.C. § 1345.

2. Venue is proper in the District of Idaho pursuant to the provisions of 28 U.S.C. § 1391.

## PARTIES

3. The Federal Deposit Insurance Corporation ("FDIC") is a corporation organized and existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 11 U.S.C. §1811, *et seq.*, with its principal place of business located in Washington, D.C. On April 24, 2009, the FDIC was appointed as Receiver for First Bank of Idaho, FSB pursuant to 12 U.S.C. §1464(d)(2)(A) and §1821(c)(5).

4. Upon information and belief, Plaintiff/Counterdefendant Portfolio FB-Idaho, LLC ("Portfolio") is a Delaware limited liability company.

5. Upon information and belief, Plaintiff/Counterdefendant Anaconda Investments, LLC ("Anaconda") is a Delaware limited liability company.

## GENERAL ALLEGATIONS

6. On or about May 17, 2007, FBI made a loan to Stilwyn, Inc., an Idaho corporation ("Stilwyn"), in the principal amount of Nine Million Five Hundred Thousand Dollars ($9,500,000.00) for the purpose of constructing five homes within Phase IV of the Weyyakin Subdivision in Sun Valley, Idaho ("Stilwyn Loan').

7. The Stilwyn Loan is evidenced by a Promissory Note dated May 7, 2007 ("Note"). In order to secure the repayment of the Note, Robert M. Smelick and Gail S. Smelick, husband and wife, executed a Construction Deed of Trust dated Many 17, 2007 in favor of FBI ("Deed of Trust").

8. The Deed of Trust was recorded on or about May 18, 2007, as Instrument No. 547807, records of Blaine County, encumbering that certain real property more particularly described therein ("Real Property").

9. On or about May 17, 2007, FBI and Farmers National Bank, NA ("Farmers") entered into a Participation Agreement wherein Farmers acquired a 42% participation interest in the Stilwyn Loan. FBI retained a 58% participation interest in the Stilwyn Loan (" Stilwyn Loan Interest")

10. On April 24, 2009, the FDIC was appointed as Receiver for FBI and took control of the assets of the failed institution, including the FBI's interest in the Stilwyn Loan.

11. The Stilwyn Loan Interest was included in an auction conducted by DebtX on September 29, 2009 ("Auction").

12. All bidders at the sale were required to meet and comply with certain purchaser eligibility requirements. These requirements included, but were not limited to, that only banks were allowed to bid at the auction. Further, banks were prohibited from entering into negotiations or agreements with a non-bank prior to the closing of the sale concerning the assets included in the Auction.

13. Idaho First Bank ("Idaho First") submitted the highest bid at the Auction for the Stilwyn Loan Interest.

14. After the Auction, Idaho First wired approximately $1,600,000 to DebtX for distribution to the FDIC-R pending closing of the sale of the Stilwyn Loan Interest.

15. FDIC later learned that Idaho First violated the terms of the Auction by entering a prearrangement for the purchase and sale of the participation interest with Plaintiff Anaconda.

16. On or about October 27, 2009, FDIC-R notified Idaho First of the violation and indicated that FDIC-R would not close on the sale of the Stilwyn Loan Interest.

17. On or about November 16, 2009, FDIC-R and Idaho First mutually agreed that the closing of the sale of the Stilwyn Loan was never consummated.

18. On or about November 16, 2009, the FDIC-R instructed DebtX to release and return all Idaho First funds then held by DebtX in escrow. Accordingly, on or about November 16, 2009, DebtX wired $1,600,269.34 to Idaho First.

19. On February 17, 2010, an Assignment and Assumption of Interest and Obligations dated February 17, 2010 by and between Anaconda and Portfolio ("Assignment") was recorded as Instrument No. 575198, records of Blaine County, Idaho, against the Real Property, wherein Anaconda attempted to transfer the Stilwyn Loan Interest to Portfolio.

20. In the Assignment, Portfolio and Anaconda allege that FDIC-R transferred the Stilwyn Loan Interest to Idaho First on or about October 22, 2009 and that Idaho First subsequently transferred the Stilwyn Loan Interest to Anaconda.

21. On or about May 10, 2010, FDIC-R, by and through its attorney of record, made demand upon the Plaintiffs to release the Assignment. Plaintiffs failed to comply with the demand.

22. On or about July 15, 2010, Plaintiffs caused to be recorded a Notice of Lis Pendens, as Instrument No. 579070, records of Blaine County, against the Real Property.

## FIRST CAUSE OF ACTION

### (Slander of Title)

23. FDIC-R incorporates by way of this reference all of the allegations set forth above, and realleges the same as though fully set forth herein.

24. By recording the Assignment, Anaconda and Portfolio have uttered and published slanderous words regarding its rights in relation to the Real Property.

25. Anaconda and Portfolio knew that the sale of the Stilwyn Loan Interest was not closed between FDIC-R and Idaho First and that they have no interest in the Stilwyn Loan or Real Property as stated in the Assignment.

26. Anaconda and Portfolio acted maliciously in attempting to cloud FDIC-R's interest in the Stilwyn Loan Interest and Real Property.

27. The cloud on title created by the recording of the Assignment and Notice of Lis Pendens has inhibited FDIC-R's ability to sell the Stilwyn Loan Interest and comply with its statutorily mandated duties.

28. FDIC-R has been damaged by Anaconda's and Portfolio's recording of the Assignment, and by Anaconda's and Portfolio's failure and refusal to remove the Assignment from the title records.

29. FDIC-R is entitled to judgment in its favor and against Anaconda and Portfolio for slander of title.

## SECOND CAUSE OF ACTION

## (Violation of 12 USC § 1825(b)(2))

30. FDIC-R incorporates by way of this reference all of the allegations set forth above, and realleges the same as though fully set forth herein.

31. On or about February 17, 2010, Portfolio recorded the Assignment as Instrument No. 575198, records of Blaine County, Idaho.

32. The Assignment alleges that FDIC-R transferred its interest in the Stilwyn Loan and Deed of Trust to Idaho First and Idaho First subsequently transferred the loan to Anaconda.

33. FDIC-R never closed on the sale of the Stilwyn Loan to Idaho First and the Stilwyn Loan Interest as secured by the Deed of Trust remains an asset of the receivership.

34. The Assignment constitutes an attachment or involuntary lien against an asset of the receivership.

35. FDIC-R did not consent to the recording of the Assignment.

36. FDIC-R has been damaged by Anaconda's and Portfolio's recording of the Assignment, and by Anaconda's and Portfolio's failure and refusal to remove the Assignment from the title records.

37. FDIC-R is entitled to judgment in its favor and against Anaconda and Portfolio for violation of 12 USC § 1825(b)(2).

WHEREFORE, FDIC-R prays for judgment as follows:

1. That Portfolio and Anaconda take nothing by reason of the Complaint and their Complaint be dismissed, with prejudice, without granting any of the relief requested therein.

2. That the Court rule that Portfolio and Anaconda have no interest in the Stilwyn Loan or the collateral and documents securing the loan;

3. For judgment in favor of FDIC-R and against Portfolio and Anaconda for slander of title;

4. For judgment in favor of FDIC-R and against Portfolio and Anaconda for violation of 12 USC § 1825(b);

5. For its actual damages in the amount to be established at trial; and

6. That the Court grant Defendant such other relief as the Court deems just and equitable under the circumstances.

DATED this 11th day of August, 2010.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By *C. Edward Cather*
C. Edward Cather – Of the Firm
Attorneys for Federal Deposit Insurance Corporation as Receiver for First Bank of Idaho, FSB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2010, I caused a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Scot M. Ludwig
LUDWIG SHOUFLER MILLER JOHNSON, LLP
401 West Front Street, Suite 401
Boise, ID  83702
Facsimile:  (208) 387-1999

*Attorneys for Plaintiffs*

AND, I HEREBY CERTIFY that on this 11th day of August, 2010, I caused a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** to be served by the method indicated below, and addressed to the following non-CV/ECF Registered Participant:

| | |
|---|---|
| Scot M. Ludwig<br>LUDWIG SHOUFLER MILLER JOHNSON, LLP<br>401 West Front Street, Suite 401<br>Boise, ID  83702<br>Facsimile:  (208) 387-1999 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile |

*Attorneys for Plaintiffs*

*C. Edward Cather by Kimberly A Evans Ross*
C. Edward Cather