UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PORTFOLIO FB-IDAHO, LLC, a Delaware Limited Liability Company, and ANACONDA INVESTMENTS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs/<br>Counterdefendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST BANK OF IDAHO,<br><br>Defendant/<br>Counterclaimant. | Case No. 1:10-CV-377-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON STILWYN INC.'S MOTION TO INTERVENE** |

# INTRODUCTION

The Court has before it Stilwyn, Inc.'s Motion to Intervene (Dkt. 23). Having reviewed all submitted memoranda, the Court now issues the following Memorandum Decision and Order.

## BACKGROUND

The underlying case involves an action for declaratory judgment seeking determination of ownership rights of a fifty-eight percent interest in a nine and a half million dollar loan made to Stilwyn, Inc., an Idaho corporation, by First Bank of Idaho (FBI) in 2007. *Compl.* ¶ V. The Stilwyn loan, obtained for construction purposes, was secured by a deed on homes and real property located in the Weyyakin Ranch Subdivision in Sun Valley, Idaho. *Smelick Aff.* ¶ 4. Stilwyn also has the development rights to the real property in the Weyyakin Ranch Subdivision. *Id.* ¶ 2.

In May 2007, a forty-two percent participation interest in the loan was sold to the Farmer's National Bank of Buhl, Idaho. *Smelick Aff.* ¶ 4. Defendant FDIC was appointed as receiver for FBI in April 2009. *Id.* ¶ 6. Stilwyn continued to make payments on the loan until it learned that the FDIC would place the loan into a "bank-only" auction to take place in September 2009. *Id.* ¶ 9.

Plaintiffs Portfolio FB-Idaho, LLC and Anaconda Investments, LLC allegedly acquired the rights to the loan interest from Idaho First Bank (IFB), the highest bidder at the FDIC auction. *Compl.* ¶ IX-X. FDIC allegedly did not close on the assignment and sale of the loan to IFB. *Smelick Aff.* ¶ 17. Plaintiffs brought suit for judicial determination of their rights in the Stilwyn loan in July of 2010. *Compl.* ¶ XII.

Stilwyn now moves to intervene as a Defendant in the case.

# LEGAL STANDARD

The Federal Rules of Civil Procedure set forth two types of intervention: 1) as a matter of right and 2) permissive intervention. *See* Fed. R. Civ. P. 24(a)(2), 24(b).

To intervene as of right under Rule 24(a)(2), the proposed intervenor must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id.*; *see also Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("failure to satisfy any one of the requirements is fatal to the application"). In determining whether intervention is appropriate, courts are guided primarily by practical and equitable concerns, and the requirements for intervention are broadly interpreted in favor of intervention. *City of Los Angeles*, 288 F.3d at 397.

A proposed intervenor who seeks permissive intervention pursuant to Rule 24(b)(2) must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The court must also consider whether "intervention

will unduly delay the main action or will unfairly prejudice the existing parties." *Id*.; *see* Fed. R. Civ. P. 24(b)(3).

## ANALYSIS

1. **Intervention as of Right**

   Stilwyn seeks to intervene as a matter of right pursuant to Rule 24(a)(2).

   A. *Protectable Interest*

   A sufficient interest in an action for purposes of intervention is a "practical, threshold inquiry." *City of Los Angeles*, 288 F.3d at 398. No specific legal or equitable interest needs to be established. *Id*. By allowing a party with a practical interest in the outcome of the case to intervene, courts prevent or simplify future litigation and allow additional interested parties to express its views before the court. *See Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). However, the movant must demonstrate a significantly protectable interest protected by some law and related to the plaintiff's claim. *City of Los Angeles*, 288 F.3d at 398.

   Stilwyn argues that it has a significant protectable interest because it is the obligor on the loan central to the litigation and because its Weyyakin Ranch property has been encumbered by Plaintiffs' recording of its alleged interest and a notice of *lis pendens*. Plaintiffs respond that Stilwyn does not have a legally protectable interest in the case because the outcome of the lawsuit will not effect Stilwyn's rights and obligations under the loan agreement.

While the outcome of the case would likely not effect Stilwyn's obligations to the lender under the loan agreement, Stilwyn does have a practical interest in the outcome of the case. As the borrower, the party whose real property is encumbered by the loan, and the party with the development rights to the real property, Stilwyn has several interests that may be affected by the outcome of the litigation. Plaintiffs have recorded their alleged interest in the real property and a notice of *lis pendens*, which may affect Stilwyn's ability to negotiate restructuring of the loan. Plaintiffs may move to foreclose on the loan in spite of Stilwyn's desire to restructure. Considering these interests, along with the Ninth Circuit's liberal intervention standards, Stilwyn has shown significant protectable interests relating to the loan and encumbered property that is the subject of this action.

B. *Impaired Ability to Protect Interest*

Stilwyn also argues that disposition of the case in favor of the Plaintiffs would impair its ability to protect its interests. The question must be put into practical terms rather than legal terms, and the rule is satisfied whenever disposition of the action would put the applicant at a practical disadvantage in protecting its interest. *See* 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1908.2 at 368 (3d ed. 2007 & Supp. 2010). Generally, if the applicant would be substantially affected in a practical sense by the determination of an action, he should be allowed to intervene. *See* Fed. R. Civ. P. 24 (advisory committee notes); *Arakaki v. Cateyano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810,

822 (9th Cir. 2001).

Plaintiffs respond that Stilwyn's interests and obligations under the loan agreement will not be impaired because Plaintiffs could not take any action against Stilwyn that was not permitted by the documents. They also argue that there is no evidence that Stilwyn will be impeded on a practical level because Stilwyn's agreement to restructure the loan with Farmers National Bank is contingent on Farmers purchasing the interest from FDIC, which is speculative and does not rise to the level of a protectable interest.

However, the inquiry is, again, a practical one. Stilwyn's interests may still be practically impaired even if their legal obligations under the loan agreement do not change. If the Court determined that Portfolio rightfully owned the loan interest, Stilwyn would be at a practical disadvantage in several ways. Stilwyn's ongoing attempt to restructure the loan with Farmers could be affected by any determination that Plaintiffs have rights to the loan. Plaintiffs may also take action to collect on the loan or foreclose on the Weyyakin Ranch property, impairing Stilwyn's ongoing development project. These situations would put Stilwyn at a practical disadvantage in protecting its interest in the property and fulfilling obligations under the loan.

Therefore, a decision for Plaintiffs would impede Stilwyn's practical ability to protect its interests.

C. *Adequate Representation*

The Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a

proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086. The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests "may be" inadequate. *Id*.

The most important factor in determining whether a proposed intervenor is adequately represented by a party to the action is how the intervenor's interest compares with the interests of the existing parties. *Perry*, 587 F.3d at 947 (citing *Arakaki*, 324 F.3d at 1086). But where the party and proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Id*.

Stilwyn argues that FDIC's representation is inadequate because Stilwyn's interests are private whereas FDIC has a general governmental interest in protecting the public. Stilwyn has private interests in protecting their specific property, clearing title to the property, and fulfilling their loan obligations.

Plaintiffs respond that FDIC and Stilwyn have the same ultimate objective – to defeat Plaintiffs' claim of ownership of the loan interest. Because they have the same ultimate objective, Stilwyn must make a compelling showing that FDIC would be an inadequate representative and has not done so.

Inadequate representation is most likely found when the applicant asserts a

personal interest that does not belong to the general public. *Forest Conservation Council*, 66 F.3d at 1499. Additionally, a federal agency cannot be expected to protect private interests because the federal agency has different priorities. *See Southwest Center for Biological Diversity*, 268 F.3d at 823. While FDIC protects the interests of the general public and of the failed bank, it cannot be expected to protect Stilwyn's interests any more than any lender could be expected to protect a borrower's interest. FDIC could ultimately have an interest adverse to Stilwyn. Therefore, Stilwyn has made a compelling showing that FDIC would be an inadequate representative of their interests.

. Further, examining the *Arakaki* factors, it cannot be said that FDIC would *undoubtedly* make all of Stilwyn's possible arguments. While FDIC set forth numerous defenses in its answer and arguments in its responsive brief to Plaintiffs' Motion for Summary Judgment, the federal agency does not share Stilwyn's property and financial interests and Stilwyn may have the incentive to make additional arguments that FDIC does not.

While Stilwyn and FDIC have similar objectives in this case, Stilwyn has a unique and significant practical interest in the outcome of the litigation. Thus, Stilwyn has made a compelling showing that FDIC may not adequately represent its interests in this case.

D. *Timely Motion*

To determine whether a motion is timely, the court considers (1) the stage of the proceedings at which intervention is sought; (2) prejudice to the other parties, and (3) the reason for and length of any delay. *United States v. Alisal Water Corp.*, 370 F.3d 915,

919 (9th Cir. 2004).

Stilwyn argues that the Motion is timely because the case is still in an early stage of litigation and because none of the deadlines set by the Court in the October 19, 2010 Scheduling Order has expired. Plaintiffs do not dispute the timeliness of Stilwyn's Motion. Moreover counsel for Stilwyn has represented to the Court that they can file a response to the pending motion for summary judgment within 48 hours after receiving the Court's decision granting them leave to intervene. Accordingly, any adverse impact on the existing parties will be minimal.

As discovery has yet to commence, no original deadlines have expired, and Stilwyn represents that it can quickly file a responsive brief to Plaintiffs' Motion for Summary Judgment to minimize delay and prejudice to the other parties, the Court finds that Stilwyn's Motion is timely.

In the light of the Ninth Circuit's policy of liberal intervention and the minimal showing Stilwyn must make, as well as the equitable principles behind permitting a party with a significant, practical interest in the case to intervene, the Court will grant Stilwyn's Motion to Intervene as of Right as a Defendant.

## ORDER

**IT IS ORDERED:**

1. Stilwyn, Inc.'s Motion to Intervene (Dkt. 23) is **GRANTED**.

2. Stilwyn, Inc. shall file its response to Plaintiffs' pending motion for

summary judgment on or before December 23, 2010.   Plaintiffs shall file their reply brief on or before January 7, 2011.  A hearing on the pending motions for summary judgment shall be conducted on January 11, 2011 at 2:00 p.m. in Boise, Idaho before the undersigned Judge.

DATED:  **December 17, 2010**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge