UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PORTFOLIO FB-IDAHO, LLC, a Delaware Limited Liability Company, and ANACONDA INVESTMENTS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs/<br>Counterdefendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST BANK OF IDAHO,<br><br>Defendant/<br>Counterclaimant. | Case No. 1:10-CV-377-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiffs' Motion to Reconsider the Memorandum Decision and Order Entered February 13, 2011 (Dkt. 45.) A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes

concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Here, Plaintiffs suggest that the Court's decision was erroneous. Essentially, Plaintiffs argue that the Court failed to recognize that the sale of the Stilwyn loan from the FDIC to IFB closed, or that genuine issues of material fact remain with regard to whether IFB's breach was sufficiently material to justify the FDIC's refusal to close the sale. The Court addressed these arguments in detail in its earlier Memorandum Decision and Order. The Court does not find its earlier decision erroneous. Accordingly, the Court

will deny the motion for reconsideration.



DATED: **March 14, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge