UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PORTFOLIO FB-IDAHO, LLC, a Delaware Limited Liability Company, and ANACONDA INVESTMENTS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs/<br>Counterdefendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST BANK OF IDAHO,<br><br>Defendant/<br>Counterclaimant. | Case No. 1:10-CV-377-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion to enforce Memorandum Decision and Order (Dkt. 51).

# BACKGROUND

A detailed background of this case is set forth in the Court's earlier Memorandum Decision and Order (Dkt. 41). Here, the Court will give only a brief description of the relevant procedural background.

On July 5, 2010, Anaconda and Portfolio filed a complaint in Idaho state court

seeking a declaratory judgment of their rights in the Stilwyn loan and rights to the transfer of the loan documentation. Dkt. 1, Ex. 3. On July 15, 2010, Plaintiffs recorded a Notice of Lis Pendens in Blaine County against the Real Property. FDIC removed the case to federal court, and asserted counterclaims against Plaintiffs, alleging slander of title and a violation of 12 U.S.C. § 1825(b)(2). Dkt. 3. Plaintiffs moved for summary judgment on their claims against Defendant, and FDIC moved for summary judgment on its §1825(b)(2) claim against Plaintiff. Dkts. 9 & 17.

As more fully explained in the Court's earlier decision, because of a material breach, the Stilwyn loan deal between FDIC and IFB never closed, and FDIC did not deliver or indorse to IFB the Note, Bill of Sale, Deed of Trust, or the original Assignment and Assumption Agreement. Therefore, IFB never obtained an interest in the Stilwyn loan. As an assignor of only IFB's rights in the Stilwyn loan, Anaconda received no interest in the Stilwyn loan. Portfolio likewise received no interest in the loan because it received all of its rights from Anaconda, and Anaconda had no right to the loan. Accordingly, the Court denied Plaintiffs' motion for summary judgment.

In turn, the Court determined that FDIC currently owns the Stilwyn Loan interest in the subject property. Pursuant to 12 U.S.C. § 1825(b)(2), "[w]hen acting as receiver . . . . no property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any involuntary lien attach to the property of the [FDIC]." Here, FDIC did not consent to any of these proceedings. Accordingly, the Court determined that the Portfolio assignment and lis pendens were

improper, and the Court granted FDIC's motion for summary judgment on 18 U.S.C. §1825(b)(2) claim.

## ANALYSIS

**1. Motion to Enforce Memorandum Decision and Order**

In accordance with the Court's Order, Plaintiffs released the lis pendens. However, Plaintiffs have not released the Portfolio assignment. FDIC now asks the Court for an order directing Plaintiffs to release that assignment by a date certain.

Plaintiffs contend that the Court granted only partial summary judgment on a single claim, and therefore the judgment is not enforceable. That is not true. The Court granted complete summary judgment on FDIC's second counterclaim regarding 12 U.S.C. §1825(b)(2). The comments to the 2010 amendments to Rule 56 indicate that the first sentence of subsection (a) was added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense. Here, FDIC requested summary judgment as to one entire claim – its second counterclaim regarding 12 U.S.C. §1825(b)(2). The Court granted that motion in full and determined that the Portfolio assignment and lis pendens were improper. Dkt. 41.

Defendant also attempts to take a third bite at the apple by once again arguing that FDIC did not retain an interest in the Stilwyn loan. The Court found otherwise in its original Memorandum Decision and Order. Dkt. 41. The Court reasserted its finding when it denied Plaintiffs' motion for reconsideration. Dkt. 46. The Court will not

continue to address motion after motion to reconsider its decision.

For these reasons, the Court will grant FDIC's motion to enforce the Court's earlier Memorandum Decision and Order.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to enforce Memorandum Decision and Order (Dkt. 51) is **GRANTED**. Plaintiffs shall release the Portfolio Assignment within **5 business days** of the date of this Order.

DATED: **May 29, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge